

Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
April 15, 2016

_____

WILLIAM A. VAN METER, TRUSTEE
Nevada State Bar No. 2803
P.O. Box 6630
Reno, Nevada  89513
Telephone:  (775) 324-2500
c13ecf@nvbell.net

Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CASE NO. **BK-N 15-51212-BTB** |
| TERESA A. HUGHES<br>IAN R. HUGHES, | CHAPTER 13 |
| | **<u>ORDER CONFIRMING CHAPTER 13 PLAN</u>** |
| Debtors. | Hearing Date:  March 31, 2016<br>Time:  3:00 p.m. |

      The Debtors' Chapter 13 Plan and Motion to Value Collateral having been served on all parties in interest and the Court finding, after proper notice and an opportunity for hearing, that the Debtors' plan satisfies all of the requirements of 11 U.S.C. § 1325, all pending objections having been resolved, and for other good cause appearing;

      **IT IS ORDERED** that the Debtors' Chapter 13 Plan is confirmed.

      **IT IS ORDERED** that there being no objection to the Debtor's compliance with 11 U.S.C. § 521(a)(1) the Court finds that the Debtor has filed all information necessary to proceed with the administration of this Chapter 13 case.

      **IT IS FURTHER ORDERED** that except as otherwise provided for in this order or any other applicable order the Court values any collateral described in the Debtors' Chapter 13 Plan as estimated by the Debtors in the Plan and

that the interest rate proposed to provide the secured creditor with the present value of its claim satisfies 11 U.S.C. § 1325(a)(5)(B)(ii).

**IT IS FURTHER ORDERED** that the Debtors' proposed assumption of executory contracts and unexpired leases as set forth in the Debtors' Chapter 13 Plan are approved.  All executory contracts and unexpired leases not provided for in the Debtors' Chapter 13 Plan are rejected.

**IT IS FURTHER ORDERED** that the Standing Chapter 13 Trustee shall file and serve a Notice of Intent to Pay Claims on all parties in interest after the expiration of the time allowed to file proofs of claim.  Objections to the Trustee's Notice of Intent to Pay Claims shall be filed, served, and set for hearing by the objecting party within thirty (30) days following service of the Trustee's Notice.  In the absence of an objection to the Trustee's Notice of Intent to Pay Claims, the proposed distributions set forth in this document shall be final.  Unless the Court orders otherwise after notice and hearing, the Trustee shall make no distributions to any claim filed after the time allowed for filing such claims as set forth in Fed. R. Bankr. P. 3002 and 3004 and the Debtors' Plan.  The time period for the Debtors to file a proof of claim set forth in Fed. R. Bankr. P. 3004 is extended until (30) days following service of the Trustee's Notice of Intent to Pay Claims.

**IT IS FURTHER ORDERED** that to the extent distributions have not been made to the holder of an allowed claim, objections to the allowance and payment of any claim may be filed at any time before the Debtor is discharged.

**IT IS FURTHER ORDERED** that in the event all allowed claims are paid in full prior to the expiration of the Applicable Commitment Period, the Trustee may proceed with closing the case pursuant to applicable local rules without further notice and hearing, seeking a plan modification.

**IT IS FURTHER ORDERED** that the Debtors shall provide immediate written notice to the Clerk of the United States Bankruptcy Court and the Chapter 13 Trustee of any change of address.

**IT IS FURTHER ORDERED** that the debtor shall provide immediate written notice to the Trustee of any termination, reduction of, or other material change in the Debtors' assets, income and/or employment.

**IT IS FURTHER ORDERED** that in the event the Plan does not continue to satisfy all confirmation requirements when the allowed amount of all claims becomes known, the Debtors shall modify the confirmed plan to satisfy all confirmation requirements.  Failure to modify the plan under these circumstances shall constitute cause for dismissal under 11 U.S.C. § 1307(c).

**IT IS FURTHER ORDERED** that to the extent the plan does not provide for arrears on a secured claim and a proof of claim or amended proof of claim is filed indicating that arrears on the claim exist, the Trustee shall make no distributions on the claimed arrears.  The Debtors will pay the arrears claim directly, amend the plan to provide for the unanticipated arrears, or object to the claim.

**IT IS FURTHER ORDERED** that to the extent the plan provides that the Debtor will directly pay his or her ongoing mortgage payments, any Notice of Fees, Expenses, and Charges filed pursuant to Fed. R. Bankr. P. 3002.1(c) constitute the Debtor's obligation to maintain payments in accordance with 11 U.S.C. § 1322(b)(5) and shall be paid directly by the Debtor.  Unless the court orders otherwise, the Trustee will administer only those prepetition arrears reflected in the secured creditor's proof of claim that are necessary to cure any prepetition default.  In the event the Debtor objects to any postpetition fees and charges reflected in a notice filed pursuant to Rule 3002.1(c) the Debtor may file a Motion pursuant to Rule 3002.1(e) seeking a determination of the amount owed.  In the event the Debtor

wishes to provide for payment of any postpetition fees and charges reflected in a Rule 3002.1(c) by the Trustee the Debtor must file a Motion to Modify the confirmed plan pursuant to 11 U.S.C. § 1329.

**IT IS FURTHER ORDERED** the Plan provides for total attorney's fees of **$3,310.00**. Of this amount a total of **$3,310.00** is allowed, and **$735.00** has been paid prepetition. The balance of **$2,575.00** shall be paid by the Standing Chapter 13 Trustee from plan payments. Additional fees and costs, if any, may be approved after notice and hearing in accordance with 11 U.S.C. §§ 329, 330, Fed. R. Bankr. P. 2002, 2016, 2017, and the Court's general Guidelines for Compensation and Expense Reimbursement of Professionals.

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. § 102(1) and based on facts and circumstances of this case further notice and hearing is unnecessary and pursuant to 11 U.S.C. § 1323 the plan is amended as follows:

1. The liquidation value of the Debtor's bankruptcy estate is **$0.00**. The plan satisfies 11 U.S.C. § 1325(a)(4) because the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be distributed to holders of allowed unsecured claims if the bankruptcy estate were liquidated and distributed under Chapter 7.

2. In order to provide disposable income during the term of the plan, the debtors plan payments shall increase from $750.00 to $1,050.00 beginning with the May 2016 payment, then increase to $1,300.00 per month beginning with the January 2017 payment, then increase to $1,375.00 per month beginning with the July 2018 payment for a base amount of $74,175.00.

3. The Debtor's plan provides to pay the IRS as a priority status in the amount of $22,350.00. An amended proof of claim was filed on September 21, 2015 indicating the amount owed is $23,322.87. The debtors agree with this increased amount and wish for it to be paid through the plan. The Trustee shall pay the IRS pursuant to the filed proof of claim in the amount of $23,322.87.


Prepared by:

CHAPTER 13 TRUSTEE

/S/ WILLIAM A. VAN METER
WILLIAM A. VAN METER, TRUSTEE


**Approved**/Disapproved by:

/S/ SEAN P. PATTERSON
SEAN P. PATTERSON, ESQ.
Attorney for Debtors

ALTERNATIVE METHODS re: RULE 9021:

In accordance with L.R. 9021, the undersigned certifies:

_____    The court waived the requirements set forth in L.R. 9021.

_____    No party appeared at the hearing or filed an objection to the motion.

   X\_\_\_\_    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order as indicated above, or waived their right to approve the order, or failed to respond, as indicated below:

SEAN P. PATTERSON, ESQ.         \_\_X\_\_     Approved  \_\_\_\_\_ Disapproved  \_\_\_\_\_Failed to Respond

   X\_\_\_\_    I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

**Dated:** April 14, 2016

                                                              /S/ Katie Christ
                                                              Katie Christ
                                                              Paralegal to William A. Van Meter, Trustee
                                                              P.O. Box 6630
                                                              Reno, NV  89509

                             ###